1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

JOHN BARTHOLOMEW,

12

              Petitioner,                    No. 2:11-cv-1352 JFM (HC)

13

     vs.

14

GARY SWARTHOUT,

15

              Respondent.            <u>ORDER</u>

16

_____/

17

            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

18

corpus pursuant to 28 U.S.C. § 2254.  This matter is proceeding before a United States

19

Magistrate Judge pursuant to 28 U.S.C. § 636(c).  <u>See</u> Consents filed June 7, 2011 and July 19,

20

2011.  Petitioner challenges his 2006 conviction on charges of manufacturing methamphetamine

21

in violation of state law.  Respondent has moved to dismiss the action as barred by the statute of

22

limitations.  Petitioner opposes the motion on the ground that he is innocent of the charges.

23

            Section 2244(d) of Title 28 of the United States Court contains a statute of

24

limitations for filing a habeas petition in federal court:

25

          (d)(1) A 1-year period of limitation shall apply to an application for

26

          a writ of habeas corpus by a person in custody pursuant to the

1    judgment of a State court. The limitation period shall run from the
2    latest of–

3    (A) the date on which the judgment became final by the conclusion
     of direct review or the expiration of the time for seeking such
4    review;

5    (B) the date on which the impediment to filing an application
     created by State action in violation of the Constitution or laws of
6    the United States is removed, if the applicant was prevented from
     filing by such State action;

7    (C) the date on which the constitutional right asserted was initially
     recognized by the Supreme Court, if the right has been newly
8    recognized by the Supreme Court and made retroactively
     applicable to cases on collateral review; or

9
10   (D) the date on which the factual predicate of the claim or claims
     presented could have been discovered through the exercise of due
11   diligence.

12   (2) The time during which a properly filed application for State
     post- conviction or other collateral review with respect to the
13   pertinent judgment or claim is pending shall not be counted toward
     any period of limitation under this subsection.

14   28 U.S.C. § 2244.  The following facts are relevant to the statute of limitations analysis.

15        1.  On July 6, 2006, petitioner was convicted of manufacturing methamphetamine

16   and possession of ephedrine with intent to use it to manufacture methamphetamine, in violation

17   of state law.  Petitioner was sentenced to eighteen years in prison.

18        2.  On April 4, 2008, the California Court of Appeal for the Third Appellate

19   District affirmed petitioner's conviction.

20        3.  On June 18, 2008, the California Supreme Court denied review.

21        4.  On December 8, 2008, the United States Supreme Court denied petitioner's

22   petition for writ of certiorari.

23   /////

24   /////

25   /////

26   /////

1    5.  On July 1, 2009, petitioner filed a petition for writ of habeas corpus in the

2  Sacramento County Superior Court.[1]  On September 2, 2009, that petition was denied as

3  untimely.  See Lodged Document No. 7.

4    6.  On September 13, 2009, petitioner filed a petition for writ of habeas corpus in

5  the California Court of Appeal for the Third Appellate District.[2]  That petition was denied in an

6  order filed October 1, 2009 that contained no statement of reasons for the decision.  See Lodged

7  Document No. 9.

8    7.  On October 20, 2009, petitioner filed a petition for writ of habeas corpus in the

9  California Supreme Court.  That petition was denied by order filed March 30, 2010.  See Lodged

10  Document No. 11.

11    8.  On April 8, 2010, petitioner filed a petition for writ of habeas corpus in the

12  Sacramento County Superior Court.[3]  On May 4, 2010, that petition was denied as successive and

13  untimely.  See Lodged Document No. 13.

14    9.  On June 9, 2010, petitioner filed a petition for writ of habeas corpus in the

15  California Court of Appeal for the Third Appellate District.  That petition was denied on the

16  merits in an order filed June 24, 2010.  See Lodged Document No. 15.

17    10.  On July 29, 2010, petitioner filed a petition for writ of habeas corpus in the

18  California Supreme Court.  That petition was denied by order filed April 13, 2011.  See Lodged

19  Document No. 17.

20  —————————————

21    [1]  That petition was signed and dated by petitioner on July 1, 2009, which appears to be
    the date it was delivered to prison officials for mailing to the court.  That date is therefore
22  deemed its filing date.  See Houston v. Lack, 487 U.S. 266 (1988).

23    [2]  September 13, 2009 is the date on which that petition was delivered to prison officials
    for mailing to the court and is therefore deemed the filing date for that petition.  See Houston v.
24  Lack, 487 U.S. 266 (1988).

25    [3]  April 8, 2010 is the date on which that petition was delivered to prison officials for
    mailing to the court and is therefore deemed the filing date for that petition.  See Houston v.
26  Lack, 487 U.S. 266 (1988).

1   11.  On May 16, 2011, petitioner signed and dated the petition filed in the instant

2 action.

3   The statute of limitations started to run on petitioner's federal habeas corpus

4 claims on December 9, 2008, the day after the United States Supreme Court denied his petition

5 for writ of certiorari.  Two hundred and four days passed before petitioner filed his first petition

6 for writ of habeas corpus in the state court system.  That petition, filed July 1, 2009, was denied

7 as untimely by order filed September 2, 2009.  It was not, therefore "properly filed" within the

8 meaning of 28 U.S.C. § 2244(d)(2) and did not toll the federal limitation period.  Bonner v.

9 Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005), as amended, 439 F.3d 993 (9th Cir. 2006).

10   Respondent contends that the court must "look through" the silent denials of the

11 second and third state court petitions filed by petition to the reasoning of the first state superior

12 court order and find that the second and third state court petitions were also denied as untimely.

13 Respondent is correct.  Both the September 13, 2009 petition filed in the state court of appeal and

14 the October 20, 2009 petition filed in the state supreme court raised the same claims as were

15 raised in the July 1, 2009 state superior court petition.  Where, as here, there is no evidence that

16 either the state court of appeal or the California Supreme Court requested briefing on the merits

17 of the petitions filed in their respective courts, the superior court's decision is deemed the last

18 reasoned decision on those claims and the court presumes that the state court of appeal and the

19 state supreme court denied the claims on the same ground.  See Bonner, 425 F.3d at 1148 n.13;

20 cf. Trigueros v. Adams, 658 F.3d 983, 990-91 (9th Cir. 2011) (distinguishing Bonner where state

21 supreme court had requested briefing on merits of claims).  Petitioner's fourth petition was also

22 denied as untimely and thus did not toll the statute of limitations either.  See Bonner, 425 F.3d at

23 1148-49.

24   Absent statutory tolling, petitioner had one year, or until December 9, 2009, in

25 which to file a federal habeas corpus petition.  See Patterson v. Stewart, 251 F.3d 1243, 1246

26 (9th Cir. 2001).  For the reasons set forth supra, none of the state court petitions filed before

December 9, 2009 operated to toll the limitation period.  Nor do petitioner's subsequently filed

petitions revive an already expired limitation period.  See Jiminez v. Rice, 276 F.3d 478, 482

(9th Cir. 2001).  Thus, the instant action, filed May 16, 2011, is untimely.

       In opposition to the motion, petitioner contends that he is actually innocent of the

charges of which he was convicted.  "[A] credible claim of actual innocence constitutes an

equitable exception to AEDPA's limitation period, and a petitioner who makes such a showing

may pass through the Schlup[4] gateway and have his otherwise time-barred claims heard on the

merits."  Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011).

> In order to present otherwise time-barred claims to a federal habeas court under Schlup, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases ... implicating a fundamental miscarriage of justice.'" 513 U.S. at 314–15, 115 S.Ct. 851 (quoting McCleskey [v. Zant], 499 U.S. [467] at 494, 111 S.Ct. 1454 [(1991)]). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  Id. at 316, 115 S.Ct. 851.

> To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327, 115 S.Ct. 851; House [v. Bell], 547 U.S. [518] at 538, 126 S.Ct. 2064 [(2006)]. This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." House, 547 U.S. at 538, 126 S.Ct. 2064 (quoting Schlup, 513 U.S. at 327, 115 S.Ct. 851). As we have previously said, "where post-conviction evidence casts doubt on the conviction by undercutting the reliability of the proof of guilt, but not by affirmatively proving innocence, that can be enough to pass through the Schlup gateway to allow consideration of otherwise barred claims." Sistrunk v. Armenakis, 292 F.3d 669, 673 (9th Cir.2002) (en banc) (citing Carriger v. Stewart, 132 F.3d 463, 478–79 (9th Cir.1997) (en banc)).

Lee, 653 F.3d at 937-38.  A Schlup claim may be support by either newly discovered evidence of

actual innocence, i.e., evidence discovered after conviction, or "newly presented" evidence of

/////

_____

[4] Schlup v. Delo, 513 U.S. 298 (1995).

5

1    actual innocence, i.e., evidence not presented at trial.  Griffin v. Johnson, 350 F.3d 956, 961-963

2    (9th Cir. 2003).

3               Petitioner contends that the following pieces of evidence, not offered at trial, show

4    that he is actually innocent of the crimes of manufacturing methamphetamine and possession of

5    ephedrine with intent to use it to manufacture methamphetamine at a house on Caber Way in

6    Antelope, California:

7          1.  A site assessment report by an independent lab showing that
               methamphetamine had not been manufactured at the house on
8              Caber Way;

9          2.  Interviews by a public defender with two alibi witnesses who
               would have testified that petitioner spent most of the day of his
10             arrest at a California Highway Patrol Office and impound yard
               getting his brother's truck out of impound.[5]
11
           3.  A witness list from his trial attorney, which reveals that none of
12             petitioner's alibi witnesses were on that list.

13         4.  A notarized statement by petitioner's mother, Cheryl
               Bartholomew, concerning a conversation she had with petitioner's
14             co-defendant, Kim Brainard, who was acquitted.  The statement
               shows that Brainard could have testified that petitioner was not
15             present when someone else set up the methamphetamine lab.
               Brainard was threatened with prosecution if she testified for
16             petitioner and told to leave town.

17   Petition, filed May 18, 2011, at 16.  The documents described by petitioner are attached as

18   Exhibits K, E, D, L and M to the Petition.  Id.

19              On direct appeal, the state court of appeal described the evidence to support

20   petitioner's conviction as follows:

21         Sacramento County Deputy Sheriffs Thomas Lynn and Jerry
           Henderson were on patrol on August 5, 2004.  They were informed
22         of any anonymous telephone report that there was a stolen car, a
           methamphetamine lab, and a woman screaming for help at a house
23         on Caber Way.  They drove to the address given and stopped where
           they could observe.  [Petitioner] and Jerry Hamilton were working
24   /////

25   ─────────────────

26         [5]  In his opposition to the motion, petitioner cites two additional declarations appended to
     his petition as also containing this alleged alibi evidence.

1    on cars and walking around in the front yard.  After a few minutes
     the deputies walked up and contacted the pair.

2
          Deputy Lynn spoke with Hamilton, Deputy Henderson spoke
3    with [petitioner].  Hamilton said he had been staying at the
     residence for three weeks.  He admitted he was on parole.  He and
4    [petitioner] said there was a woman named Kimmy in the house.
     The deputies conferred.  Asked if Deputy Henderson had told him
5    [petitioner] was on active parole, Deputy Lynn opined:  "I'm fairly
     certain we would have compared notes on that issue, yes."

6
          Deputy Lynn went to the door and knocked to check on the
7    woman's welfare.  No one answered.  He had already established
     that [petitioner] and Hamilton were on parole.  He entered the
8    house.  As soon as he entered he could see into the kitchen.  He
     saw glassware, suspended tubing running up through the cabinet,
9    and coffee filters with a brownish crystalline substance on them,
     which appeared to be a methamphetamine lab.  He found Kimmy
10   in one of the bedrooms and escorted her out of the house.  In the
     garage he found a plastic baggie containing an off-white powdery
11   substance.

12   . . . .  [I]n addition to the facts leading to [petitioner]'s arrest the
     evidence at trial showed (1) the house was owned by [petitioner]'s
13   mother, (2) he had been living in the house for more than a month
     prior to his arrest, (3) the kitchen glassware was being used to
14   manufacture methamphetamine, and (4) ephedrine found soaking
     there was possessed with the intent to manufacture
15   methamphetamine.

16   Lodged Document No. 2, People v. Bartholomew, No. C053380, slip op. at 2-4 (April 7, 2008).

17          Even considered collectively, the evidence proffered by petitioner in support of

18   his claim of actual innocence is insufficient to cross the high bar set by Schlup.  The lab report,

19   appended as Exhibit K to the petition is based on samples taken from the Caber Way house on

20   February 8, 2005, six months after petitioner's arrest.  Ex. K to Petition at 2.  The executive

21   summary provides that "[t]he result of the sampling is not indicative of high levels of

22   contamination from methamphetamine production.  The methamphetamine production that is

23   suspected to have taken place at the property may not have been successful in creating a finished

24   methamphetamine product.  The low levels of methamphetamine reported may also be attributed

25   to smoking of methamphetamine within the residence.  The levels of methamphetamine reported

26   at the property, while low, were still above the Sacramento County EMD re-occupancy criteria

1    for methamphetamine laboratories, so remediation work will need to be completed at the site."

2    Id.  This lab report does not raise sufficient questions concerning methamphetamine production

3    at the Caber Way house to support petitioner's claim of actual innocence.

4           Exhibits D and E to the petition merely provide evidence that petitioner spent an

5    afternoon trying to get his brother's truck out of impound.  Petitioner apparently contends that the

6    lab was set up while he was doing this, but the evidence corroborating petitioner's assertion that

7    he spent the afternoon of August 5, 2004 getting his brother's truck out of impound sheds no

8    light on this contention.  Petitioner's trial attorney's witness list, apparently proffered to show the

9    failure to offer alibi testimony, similarly provides no evidence to support petitioner's contention

10   that he is actually innocent.

11          Finally, the notarized letter from petitioner's mother contains no description of the

12   testimony that Kimberly Brainard would have offered on petitioner's behalf and therefore cannot

13   help his claim of actual innocence.

14          For the foregoing reasons, petitioner has failed to show that it is "more likely than

15   not that no reasonable jury would have convicted him" had the evidence on which he now relies

16   be tendered at trial.  For that reason, the equitable exception to the statute of limitations of actual

17   innocence does not save the instant action from being time-barred.

18          Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

19   States District Courts, "[t]he district court must issue or a deny a certificate of appealability when

20   it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of

21   appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

22   showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either

23   issue a certificate of appealability indicating which issues satisfy the required showing or must

24   state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

25          Where, as here, the petition should be dismissed on procedural grounds, a

26   certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason

1   would find it debatable whether the district court was correct in its procedural ruling'; and (2)

2   'that jurists of reason would find it debatable whether the petition states a valid claim of the

3   denial of a constitutional right.'" <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000)

4   (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

5       This court finds that petitioner has not, in relevant part, satisfied either

6   requirement for issuance of a certificate of appealability in this case. Specifically, there is no

7   showing that jurists of reason would find it debatable whether this action is time-barred, nor

8   would jurists of reason find it debatable whether petitioner has made a sufficient showing of

9   actual innocence. Accordingly, the court declines to issue a certificate of appealability.

10       In accordance with the above, IT IS HEREBY ORDERED that:

11       1. Respondent's July 28, 2011 motion to dismiss is granted;

12       2. This action is dismissed as barred by the statute of limitations; and

13       3. The court declines to issue a certificate of appealability.

14   DATED: March 12, 2012.

16       UNITED STATES MAGISTRATE JUDGE

18   12
19   bart1352.mtd

9